UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRYAN LEO SIKORSKI,

Plaintiff,

v.                                                    Case No. 26-cv-1026-bhl

PORTAGE COUNTY JAIL and
JEFFERSON COUNTY JAIL,

Defendants.

## SCREENING ORDER

Plaintiff Bryan Leo Sikorski, who is currently serving a state prison sentence at the Wisconsin Resource Center and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Sikorski's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Sikorski has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), Sikorski has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint and has been assessed and paid an initial partial filing fee of $16.52. Sikorski's motion for leave to proceed without prepaying the filing fee will be granted.

### SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a

complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

### ALLEGATIONS OF THE COMPLAINT

Sikorski asserts that his religious meals were contaminated while he was at the Portage County Jail, that he has not received adequate medical care for his knee and lungs, and that he was falsely charged with a drug offense.

### THE COURT'S ANALYSIS

Sikorski is attempting to improperly bring unrelated claims in a single case. As instructed by the Seventh Circuit Court of Appeals, under the controlling principle of Rule 18(a) of the Federal Rules of Civil Procedure, "[u]nrelated claims against different defendants belong in different suits" so as to prevent prisoners from dodging the fee payment or three strikes provisions in the Prison Litigation Reform Act. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Specifically, Rule 18(a) provides that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternate claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Under this rule, "multiple claims against a single party

2

are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George*, 507 F.3d at 607.

Moreover, the court in *George* reminded district courts that Rule 20 of the Federal Rules of Civil Procedure applies as much to prisoner cases as it does to any other case. *Id.* Under Rule 20, joinder of multiple defendants into one action is proper only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20.

The complaint violates Rules 18 and 20 because it advances unrelated claims against multiple defendants. Under *George*, such "buckshot complaints" should be "rejected." 507 F.3d at 607. Therefore, if Sikorski wishes to proceed, he must file an amended complaint that includes only related claims.

Sikorski is also advised that 42 U.S.C. § 1983 "creates a cause of action based on personal liability and predicated upon fault; thus liability does not attach unless the individual defendant caused or participated in a constitutional violation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). In other words, if Sikorski chooses to file an amended complaint, he must name as Defendants the individuals that he believes are responsible for the alleged violations of his rights. To be clear, the jail where the alleged violation occurred is not a proper Defendant. Instead, Sikorski should name as a Defendant the person who he believes violated his rights.

If Sikorski believes he can cure the deficiencies identified in this decision, he may file an amended complaint by **August 14, 2026**. If Sikorski chooses to file an amended complaint, he should draft the amended complaint as if he is telling a story to someone who knows nothing about his situation. This means that he should explain: (1) what happened to make him believe he has a legal claim; (2) when it happened; (3) who was involved; and (4) how the Court can assist him in relation to those events. Sikorski should write neatly and clearly and should set forth his allegations in short and plain statements. He should ensure that his amended complaint can be understood by someone who does not know anything about the underlying facts of his case.

Sikorski is advised that an amended complaint will replace the original complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84, 133 F.3d 1054, 1056–57* (7th Cir. 1998). If an amended complaint is received by the deadline, the Court will screen it as required by 28 U.S.C. §1915A.

3

If an amended complaint is not received, the Court will dismiss this action based on Sikorski's failure to state a claim in his original complaint. The Court will enclose an amended complaint form along with this decision.

Finally, the Court will deny Sikorski's motion to appoint counsel at this early stage of the case. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013). At this point, all Sikorski has to do is tell the Court what happened, which, based on his filings to date, the Court believes he has the capacity to do.

**IT IS THEREFORE ORDERED** that Sikorski's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED** and his motion for an extension of time to pay the filing fee (Dkt. No. 12) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Sikorski's motion to appoint counsel (Dkt. No. 10) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that on or before **August 14, 2026**, Sikorski may file an amended complaint if he can cure the defects in the original complaint as described in this decision.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Sikorski a blank prisoner amended complaint form along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Sikorski shall collect from his institution trust account the $333.48 balance of the filing fee by collecting monthly payments from Sikorski's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Sikorski is transferred to another institution, the transferring institution shall forward a copy of this Order along with Sikorski's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Sikorski is located.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution,

4

and Oshkosh Correctional Institution.  Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS.  It will only delay the processing of the matter.

Sikorski is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.  In addition, the parties must notify the Clerk of Court of any change of address.  Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 14th day of July, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

5