UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

BRYAN LEO SIKORSKI,

Plaintiff,

v. Case No. 26-cv-1026-bhl

PORTAGE COUNTY JAIL and
JEFFERSON COUNTY JAIL,

Defendants.

---

## SCREENING ORDER

---

Plaintiff Bryan Leo Sikorski, who is currently serving a state prison sentence at the Wisconsin Resource Center and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. On July 14, 2026, the Court screened the complaint and concluded that it violated Fed. R. Civ. P. 18 and 20 in that it sought to bring unrelated claims in the same complaint. The Court gave Sikorski the opportunity to file an amended complaint with related claims. Sikorski filed an amended complaint on August 6, 2026, which the Court will screen as required by 28 U.S.C. §1915A.

### SCREENING OF THE AMENDED COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing,

as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

## ALLEGATIONS OF THE AMENDED COMPLAINT

Sikorski did not follow the instructions in the original screening order. His amended complaint once again includes unrelated claims against different sets of Defendants. He asserts that, while he was confined at the Jefferson County Jail, he received meals with expired packages. He also asserts that he asked a nurse for physical therapy to treat a bad knee, but his request was denied. Next, he asserts that, in Portage County, after he was arrested for a third DUI, an officer tried to remove him from the backseat of the squad car and "ended up tearing [his] A.C.L." He states that the injury was painful and made it challenging to walk during his incarceration. Sikorski asserts that he is still in pain and that his knee slips in and out of place. He states that he keeps asking for surgery, but the doctors have told him not until he is 45 years old. He also complains about mold growing on the floor, highlighting that he has lung problems and that jail staff placed him on a steroid inhaler. Finally, he notes that there has been cross-contamination of his religious meals.

## THE COURT'S ANALYSIS

As the Court already informed Sikorski, under the controlling principles of Rules 18 and 20 of the Federal Rules of Civil Procedure, "[u]nrelated claims against different defendants belong in different suits" to prevent prisoners from dodging the fee payment or three strikes provisions in the Prison Litigation Reform Act. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). The amended complaint violates Fed. R. Civ. P. 18 and 20 because it advances unrelated claims against multiple defendants. The Seventh Circuit has advised that such complaints should be rejected "either by severing the action into separate lawsuits or by dismissing the improperly joined defendants." *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011) (citing Fed. R. Civ. P. 21).

Although Fed. R. Civ. P. 21 authorizes courts to choose a claim by dropping improperly joined defendants, the Court will not do so here because Sikorski fails to state *any* claim on which relief can be granted. "The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause

of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

Sikorski does not include factual content to allow the Court to reasonably infer that his constitutional rights have been violated. With regard to the expired food packages, Sikorski includes no information about the "use by" dates on the packages, whether the food was actually spoiled, whether he ate the food, or whether he suffered any harm from eating the food. With regard to his knee injury, he includes no information about his communications with the unnamed medical providers, such as how he described his symptoms, what their responses were to his communications, or whether alternative treatments, such as pain medication, were offered. With regard to the officer removing him from the squad car, Sikorski includes no information about his interactions with the officer such as whether Sikorski was resisting or refusing to exit the squad car, what he said to the officer about his knee, or how the officer responded. Finally, with regard to his lung problems, Sikorski does not state who he talked to, what information he communicated, or whether the steroid inhaler was sufficient to address his breathing issues.

Put plainly, Sikorski may not proceed on any of the claims he purports to state because he does not include adequate information to raise a right to relief above the speculative level. Concluding that an unnamed person violated one's rights without information supporting that conclusion is insufficient to state a claim. Because Sikorski fails to state a claim on which relief can be granted, the Court will deny as moot his motion to withdraw and his motion to appoint counsel.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that Sikorski's motion to withdraw (Dkt. No. 15) and his motion to appoint counsel (Dkt. No. 18) are **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 12th day of August, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.